L. Paul Mankin (SBN 264038)
Erin Rounds (SBN 314457)
erounds@paulmankin.com
pmankin@paulmankin.com
**LAW OFFICES OF L. Paul Mankin**
4655 Cass Street, Suite 410
San Diego, CA 92109
Telephone: (800) 219-3577
Facsimile: (323) 207-3885
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**MARIA NIEVES,**

Plaintiff,

v.

**ABLE AUTO ADJUSTERS, AND DOES 1 THROUGH 10,**

Defendant.

**Case No.: 2:18-cv-08262-DSF-AGR**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER FEDERAL RULE 12(b)(6); DECLARATION OF ERIN ROUNDS, ESQ.**

Date: March 18, 2019
Time: 1:30 PM
Place: Courtroom 7D

Judge: The Honorable Dale S. Fischer

## I. Introduction

This case arises out of the repossession of Plaintiff's vehicle, which occurred on April 26, 2018. On or about the evening of April 26, 2018, Plaintiff was in the subject vehicle at a golf course located in Los Angeles County. While in the vehicle, Plaintiff felt an abrupt lurch in the vehicle. Plaintiff was asleep at the time it happened and did not immediately know the reason for why her vehicle had been lurched forward. The impact caused Plaintiff's body to be violently moved around in the vehicle. Frightened, as she thought she was alone in the parking lot and was startled by the impact, Plaintiff exited the vehicle because she thought she had

been hit by another vehicle or that something had happened to her vehicle. After exiting, Plaintiff realized that Defendant's agents had hooked up to the vehicle while she was inside. Once she realized what was happening, Plaintiff objected to the repossession, as Plaintiff had nowhere else to go for the evening and was going to be left alone at night in the parking lot.

Due to Defendant's actions, Plaintiff alleges that Defendant violated California Commercial Code 9609, violated the Rosenthal Fair Debt Collection Practices Act and Fair Debt Collection Practices Act, converted the vehicle, and was negligent.

## II. STANDARD OF REVIEW

### a. Standard Of Review On A Motion To Dismiss

On a motion to dismiss pursuant to Rule 12(b)(6), all allegations of material fact are taken as true and are construed in the light most favorable to Plaintiffs. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a claim does not need to contain detailed factual allegations, "it must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is, on its face, plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Following the Supreme Court's ruling in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

## III. LEGAL ARGUMENT

### a. Plaintiff's First Claim For Violation Of California Commercial Code Is Sufficiently Plead

Under Section 9609 of the California Commercial Code, a creditor may, after default, "take possession of the collateral . . . without judicial process, if it proceeds without a breach of the peace." Cal. U. Com. Code, § 9609(a)(1), (b)(2). First and

foremost, Defendant mistakenly asserts that Plaintiff has not alleged that Defendant knew Plaintiff was in the vehicle at the time of the repossession. In all actuality, Plaintiff *has* made this allegation. *See* Plaintiff's S.A.C. ¶ 33. To survive a 12(b)(6) motion, Plaintiff need only make factual allegations to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Plaintiff contends that, by hooking up to Plaintiff's vehicle while Defendant had knowledge that Plaintiff was in the vehicle, Defendant engaged in a taking by physical force that would amount to a breach of the peace. *See Calloway v. Whittenton*, 52 U.C.C. Rep. Serv. 2d 525 (Ala. 2003), finding that a breach of the peace can result when force is used to complete a repossession. Courts have previously found that repossession occurring with persons inside vehicles constitutes physical force and thereby a breach of the peace. *See Smith v. AFS Acceptance, L.L.C.*, 77 U.C.C. Rep. Serv. 2d 794 (N.D. Ill. 2012). Here, Plaintiff has alleged that Defendant knew she was in the vehicle at the time of the repossession. Plaintiff therefore contends that Defendant engaged in excessive physical force (and thereby a breach of the peace) when it hooked up to Plaintiff's vehicle with the knowledge that Plaintiff was inside the vehicle. *Furthermore*, whether the actions taken by Defendant were sufficiently excessive so as to constitute a breach of the peace is a question of fact to be determined by a jury. *Madden v. Deere Credit Services, Inc.*, 598 So. 2d 860 (Ala. 1992).

Defendant further contends that Plaintiff's objection to the taking would not amount to a breach of the peace as it occurred after the repossession had been completed. Plaintiff contends that, by even being in the vehicle at the time that it was hooked up to, Plaintiff was objecting to the repossession, as no person would allow a repossession to occur while they are inside of a vehicle.

**b. Plaintiff's Claims For Violation of The Rosenthal Fair Debt Collection Practices and Violation of The Fair Debt Collection Practices Act Are Sufficiently Plead**

Plaintiff is alleging that Defendant violated the Fair Debt Collection Practices Act FDCPA) by committing a breach of the peace during the repossession. While a repossession company generally does not fall under the purview of the FDCPA, certain exceptions do apply. Plaintiff here is contending that Defendant committed a breach of the peace, in violation of 15 U.S. Code § 1692(f)a. Several cases hold that a breach of the peace is a violation of 1692f(6)(A), including: *Purkett v. Key Bank USA, N.A.*, 2001 WL 503050 (N.D. Ill. May 10, 2001); *Saice v. MidAmerica Bank*, 1999 WL 33911356 (D. Minn. Sept. 30,1999). If an alleged violation occurred under Civ. Code. § 1692(f), then a repossession company is considered a debt collector for the purposes of the FDCPA. *Pflueger v. Auto fin Group Inc* 1999 US Dist Lexis 16701 (CD Cal Apr. 26, 1999). Further, if a breach of the peace occurs then the present right to property is extinguished. *Pflueger v. Auto Fin. Grp., Inc.*, No. CV-97-9499 CAS(CTX), 1999 WL 33740813, at *5 (C.D. Cal. Apr. 26, 1999). As such, Plaintiff contends that, because a breach of the peace in violation of 15 U.S. Code § 1692(f)(a) is being alleged, then Defendant is considered a debt collector under the FDCPA.

Plaintiff further contends that Defendant violated the Rosenthal Fair Debt Collection Practices Act. The RFDCPA can be found starting with Cal Civ. Code § 1788.17, which mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d, and § 1692d(5). As such, if Defendant violated the Fair Debt Collection Practices Act by committing a breach of the peace, then Defendant additionally violated the Rosenthal Fair Debt Collection Practices Act.

**c. Plaintiff's Claim For Conversion Is Sufficiently Plead**

In order to establish an action for conversion, a plaintiff must establish "any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Gruber v. Pacific States Sav. & Loan Co.*, 13 Cal.2d 144, 148, 88 P.2d 137. Here, Plaintiff is alleging in Paragraph 9 of her Second Amended Complaint that Defendant hooked up to Plaintiff's vehicle while Plaintiff was located inside of the vehicle. A breach of the peace eliminates the Defendant's present right to possession of the vehicle. By taking Plaintiff's vehicle when it had no right to possession of that vehicle, Defendant converted the vehicle. As such, Plaintiff has sufficiently plead facts that would show Defendant has committed the act of conversion.

**d. Plaintiff's Claim For Negligence Is Sufficiently Plead**

Plaintiff contends that she has plead facts sufficient to support her cause of action for negligence. In order to support a cause of action, a party must show (1) duty, (2) breach of duty, (3) legal causation, and (4) damages. Plaintiff has plead that Defendant had a duty to exercise reasonable care in repossessing Plaintiff's vehicle. *See* Plaintiff's SAC ¶ 37. Plaintiff has additionally plead that this duty of care was breached when Defendant used unlawful tactics to repossess Plaintiff's vehicle. *See* Plaintiff's SAC ¶ 9, 10, 38. Plaintiff has further plead that Defendant's breach was the causation of Plaintiff's injury. *See* Plaintiff's SAC ¶ 40. Finally, Plaintiff has alleged that Defendant is liable to Plaintiff for her damages, and that Plaintiff did incur damages. *See* Plaintiff's SAC ¶ 40.

**IV. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES SHOULD NOT BE STRIKEN**

**a. Standard of Review on a Motion to Strike**

"Striking a party's pleadings is an extreme measure that is infrequently granted." *Lema v. Comfort Inn, Merced,* No. 1:10-cv-362-SMS, 2012 WL 2200770, at *2 (E.D. Cal. June 14, 2012). A court may only strike portions of a

complaint in four limited circumstances: where the challenged material is " 'redundant, immaterial, impertinent, or scandalous.'" *Cruz v. Bank of N.Y. Mellon*, No. 12-CV-846-LHK, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (quoting Fed. R. Civ. P. 12(f)). Such motions are disfavored "[b]ecause of their frequent use as a delaying tactic and because of judicial policy favoring resolution on the merits." *Lema*, 2012 WL 2200770, at *2. A "motion to strike should not be granted unless it is clear that the matter to be stricken could have *no possible bearing* on the subject matter of the litigation." *Colaprico v. Sun Microsys., Inc.*, 758 F. Supp. 1335, 1339-1340 (N.D. Cal. 1991) (denying motion to strike allegations where "this court cannot say that the *disputed* paragraphs contribute nothing to plaintiffs' claims") (emphasis added). Additionally, to strike a challenged allegation, the moving party bears the burden of demonstrating that it suffers prejudice as a result of its inclusion in the complaint. *N.Y.C. Employees' Retirement Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009); *see also Vesecky v. Matthews (Mill Towne Center) Real Estate, LLC*, No. CV-09-1741, 2010 WL 749636, at *1 (D. Az. March 2, 2010) (explaining the defendant bears the burden to show "how such material will cause prejudice").

A motion to strike is not a substitute for a motion to dismiss and may not be used "as a means of challenging plaintiffs' claims on the merits." *Sodano v. Chase Bank USA, NA*, No. 2:12-cv-369, 2012 WL 1552796, at *9 (E.D. Cal. May 1, 2012). Thus, a court "may not resolve 'disputed and substantial factual or legal issue[s] in deciding ... a motion to strike." *Whittlestone, Inc. v. HandiCraft Co.*, 618 F.3d 970, 973-94 (9th Cir. 2010) (explaining further that "Rule 12(f)is neither an authorized nor a proper way to procure dismissal of all or a part of a complaint") (modification in original)." "'[I]f the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied and the sufficiency of the allegations left for adjudication on the merits.' " *Lema*, 2012 WL 2200770, at *2 (quoting *Sagan v. Apple Computer, Inc.*, 874 F.

Supp. 1072, 1079 (C.D. Cal. 1994)); *In re 2TheMart.com Sec. Litig.*, 114 F. Supp. 2d at 965 ("If there is *any doubt* as to whether the allegations might be an issue in the action, courts will deny the motion"). "In ruling on a motion to Strule under Rule 12(f), the court must view the pleading in the light most favorable to the nonmoving party." *Cruz v. Sky Chefs, Inc.*, No. C-12-2705 DMR, 2013 WL 1892337, at *4 (N.D. Cal. May 6, 2013).

**b. Plaintiff Has Specifically Alleged Facts of Malice, Oppression, or Fraud in Order to Adequately Allege Punitive Damages**

A valid punitive damages claim requires that Plaintiff plead both a valid tort cause of action and facts demonstrating that Defendant acted with "malice, oppression, or fraud." *College Hospital, Inc. v. Superior Court* (1998) 157 Cal. App. 3d 159, 166, n9. If Plaintiff pleads an intentional tort, Plaintiff must properly set forth factual allegations which support the claim that the tort was committed "willfully or with a design to injure." *G.D. Searle & Co. v. Superior Court* (1975) 49 Cal. App. 3d 22, 29. Under California law, the important factor is if the "complaint as a whole contains sufficient facts to apprise the defendant of the basis upon which plaintiff is seeking relief. Conclusory allegations will not be stricken where they are supported by other factual allegations in the Complaint." *Perkins v. Superior Court* (1981) 117 Cal.App.3d 1, 6.

Plaintiff seeks punitive damages pursuant to her claim for Conversion. In order to recover damages in an action for conversion, a plaintiff must establish "any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Gruber v. Pacific States Sav. & Loan Co.*, 13 Cal.2d 144, 148, 88 P.2d 137. Here, Plaintiff is alleging in paragraphs 9 and 10 of her First Amended Complaint that Defendant hooked up to Plaintiff's vehicle while Plaintiff was located inside of the vehicle and that Plaintiff requested the repossession stop. By continuing with the repossession, Defendant committed a breach of the peace by unlawfully repossessing Plaintiff's vehicle. A breach of the

peace eliminates the Defendant's present right to possession of the vehicle. By taking Plaintiff's vehicle when it had no right to possession of that vehicle, Defendant converted the vehicle. As such, Plaintiff has sufficiently plead facts that would show Defendant has committed the act of conversion.

Punitive damages "are properly awarded in an action for conversion, given the required showing of malice, fraud, or oppression." *Ferraro v. Pacific Fin. Corp.* (1970) 8 Cal.App.3d 339, 351 [87 Cal.Rptr. 226, 233]. In order to establish a claim for punitive damages, Plaintiff must, at the very least, make a showing of malice. *Henderson v. Security Nat. Bank* (1977) 72 Cal.App.3d 764, 770 [140 Cal.Rptr. 388, 391]. Here, malice requires "an evil motive or intent"; "it 'denotes ill will on the part of the defendant, or his desire to do harm for the mere satisfaction of doing it". *Id.* quoting *Simmons v. Southern Pac. Transportation Co.*, 62 Cal.App.3d 341, 368, 133 Cal.Rptr. 45, 58. In *Henderson*, the Court ultimately ruled against Plaintiff's award of punitive damages on the basis that the defendant did not authorize or intend for a breach of the peace to occur during the repossession, as that defendant was the financing company. Here, Defendant is the repossession company that carried out the breach of the peace. Defendant's agents hooked up to Plaintiff's vehicle with full knowledge that Plaintiff was inside of the vehicle. Plaintiff's SAC ¶ 33). Doing so directly threatens Plaintiff's personal safety. As such, those agents acted intentionally and maliciously. This act was specifically authorized and done for the purpose of maliciously depriving Plaintiff of her property.

As such, Plaintiff contends that she has established sufficient facts that could allow a jury to reach an award of exemplary damages.

**c. Plaintiff Has Specifically Alleged Facts of Malice, Oppression, or Fraud as to Able Auto Adjusters On The Basis of Respondeat Superior**

Plaintiff contends that she has sufficiently pled facts that would show malice, oppression, or fraud as to Able Auto Adjusters on the basis of respondeat superior,

as she has alleged that Defendant's agents, acting within the scope of their employment, acted with malice, oppression, and fraud. Plaintiff's FAC ¶ 9, 10, 11, 14, 26.

In *Field v. Sanders*, the California Supreme Court held that an employer is liable for the intentional torts of its employees if the employee was acting within the scope of her employment. *Fields v. Sanders*, 29 Cal. 2d 834, 838, 180 P.2d 684, 688 (1947). Further, "[a]n employee's willful, malicious, and even criminal torts may fall within the scope of his or her employment for purposes of respondeat superior, *even though the employer has not authorized the employee to commit crimes or intentional torts*." Lisa M. v. Henry Mayo Newhall Memorial Hospital (1995) 12 Cal. 4th 291, 294 [emphasis added]. It has also been held that an employer may be liable for an employee's act where the employer authorized or subsequently ratified the tortious act and that "the failure to discharge an employee who has committed misconduct may be evidence of ratification." *Ventura v. ABM Industries Inc*. (2012) 212 Cal. App. 4th 258, 259.

Here, Defendant's agents were acting within the scope of their employment, as they were carrying out the repossession of Plaintiff's vehicle. The nature of that agents' employment is to ensure that a vehicle is repossessed when a repossession order has been placed. In connecting with Plaintiff's vehicle while Plaintiff was inside of the vehicle, and additionally in proceeding with the repossession despite Plaintiff's requests to stop, Defendant's agents were acting directly within the scope of their employment. As such, these employees were ratified in their acts, as these acts were taken for the sole purpose of repossessing Plaintiff's vehicle.

## V.  CONCLUSION

For all the foregoing reasons, Plaintiff Maria Nieves respectfully requests that Defendant Able Auto Adjusters' Motion to Dismiss and Motion to Strike to be denied; or, in the alternative, that Plaintiff respectfully be granted leave to amend in order to cure any deficiencies in the pleadings.

Dated: March 1, 2019

**The Law Office of L. Paul Mankin**

By: /s/L. Paul Mankin
L. PAUL MANKIN
ATTORNEY FOR PLAINTIFF